UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL NIGL,

        Petitioner,

v.                                                           Case No. 05-C-223

PHILIP KINGSTON,

        Respondent.

## ORDER

Habeas petitioner Paul Nigl filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability, as well as a petition for leave to proceed on appeal in forma pauperis.

### I. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation

marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. I conclude that none of the issues raised by petitioner deserves encouragement to proceed further, nor is the denial of each claim debatable among jurists of reason. The petitioner's claims based on the denial of a continuance and ineffective assistance of counsel fundamentally lacked merit, and I conclude therefore that jurists could not reasonably debate such claims.

His third claim was procedurally defaulted, and the same conclusion therefore applies. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. *Id.*

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

2

> petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further. There is therefore no need to address the underlying merits of the petition, although even if Nigl could pass the procedural bar the merits of his constitutional claim are suspect, at best.

## II. REQUEST FOR IFP STATUS ON APPEAL

Petitioner also requests in forma pauperis status so that he may avoid paying the appellate filing fee of $455. Petitioner was not in forma pauperis at the district court level because he paid the $5 filing fee in this court. The increase in cost makes the current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on

3

appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, although I denied a certificate of appealability, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned he should be allowed to proceed.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that petitioner's request for in forma pauperis status on appeal is granted.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   28th   day of April, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge